UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY JINKS, | ) | CASE NO. 5:16-cv-814 |
| | ) | |
| APPELLANT, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| JOSEPH J. DETWEILER, | ) | |
| | ) | |
| APPELLEE. | ) | |

This matter is before the Court on the motion of appellee Joseph J. Detweiler[1] ("appellee" or "Detweiler") to dismiss this appeal on the grounds that the Court lacks jurisdiction. (Doc. No. 5 ["Mot."].) Appellant Wesley Jinks ("appellant" or "Jinks") has opposed the motion (Doc. No. 7 ["Opp'n"]), to which appellee has replied (Doc. No. 8 ["Reply"]). For the reasons that follow, the motion is granted.

## I. BACKGROUND

On October 3, 2012, numerous plaintiffs, including Jinks, filed a first amended complaint in the United States Bankruptcy Court, Northern District of Ohio, in adversary proceeding No. 09-06118 ("Adversary Proceeding"). (Doc. No. 5-1 ["FAC"].) The FAC asserts claims against Detweiler pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). (*Id*. ¶ 1.) Attorney Valerie Epstein entered a notice of appearance in the adversary proceeding on behalf of Jinks on December 23, 2014. (Doc. No. 5-2.)

---

[1] A suggestion of death has been filed for Joseph J. Detweiler. (Doc. No. 9.)

In the adversary proceeding, Detweiler filed a motion for summary judgment on all of plaintiffs' claims. The motion was opposed by plaintiffs, except Jinks, who is represented by a different attorney in the adversary proceeding than the other plaintiffs. Jinks did not file an opposition to Detweiler's summary judgment motion.

On January 25, 2016, the bankruptcy court issued a memorandum of opinion granting Detweiler's motion in part and denying the motion in part. (Doc. No. 5-3 ["MO"] at 165[2].) The memorandum of opinion granted summary judgment in favor of Detweiler on all plaintiffs' claims brought under §§ 523(a)(4) and (a)(6). (*Id.*) The bankruptcy court further granted summary judgment with respect to plaintiffs' claims brought under § 523(a)(2) for several plaintiffs, including Jinks.[3] (*Id.*) With respect to the remaining plaintiffs, the bankruptcy court denied Detweiler's motion as to the § 523(a)(2) claim. (*Id.*) The bankruptcy court's memorandum of opinion was followed by an order granting in part and denying in part Detweiler's motion for summary judgment. The case then proceeded to a bench trial on the § 523(a)(2) claim of the remaining plaintiffs. As of this date, the bankruptcy court has not issued its decision.

Jinks filed a motion in the adversary proceeding for reconsideration and/or to alter or amend the bankruptcy court's summary judgment ruling pursuant to Fed. R. Bankr. P. 9023. Detweiler opposed the motion. The bankruptcy court construed the motion as brought pursuant to Fed. R. Civ. P. 59(e) and denied the same on the grounds that by seeking reconsideration, Jinks was merely attempting to correct a poor strategic decision and reargue the summary

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] In ruling on Detweiler's summary judgment motion as to Jinks' claims, the bankruptcy court noted that Jinks was represented by a different attorney than the remaining plaintiffs, and that Detweiler had presented ample evidence that he was entitled to judgment as a matter of law regarding the dischargeability of Jinks' debts. (MO at 157.) The bankruptcy court concluded that by not opposing Detweiler's summary judgment motion, Jinks failed to present any

2

judgment motion. (Doc. No. 5-5 at 178-79.)

Jinks appealed the bankruptcy court's memorandum and order denying his motion for reconsideration. (Doc. No. 1 ["Appeal"].) Plaintiff does not appeal the bankruptcy court's summary judgment ruling. Detweiler elected to have the appeal heard by the United States District Court, Northern District of Ohio, rather than the Bankruptcy Appellate Panel of the Sixth Circuit, and the case was thus transferred to this Court. (Doc. Nos. 1-4 and 1-5.) Detweiler's motion contends that the bankruptcy court's denial of the Jinks' motion for reconsideration is not a final appealable order, and the appeal should be dismissed.

## II. DISCUSSION

### A. 28 U.S.C. § 158(a)(1)

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). Generally, a "final order" is one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *See In re Barrett*, 337 B.R. 896, 898 (B.A.P. 6th Cir. 2006), *aff'd,* 487 F.3d 353 (6th Cir. 2007), (quoting *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989) (citations omitted)).

#### 1. Order denying Jinks' motion for reconsideration is not a final appealable order

The bankruptcy court's order underlying Jinks' motion for reconsideration did not dispose of all plaintiffs and claims, and is not a final appealable order. "A grant of partial summary judgment that does not dispose of all parties and all claims is generally not immediately appealable unless the district court issues a Fed. R. Civ. P. 54(b) certificate." *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) (collecting cases). When all remaining claims

---

evidence showing there was a genuine issue of material facts regarding his claims that required a trial. (*Id.*)

and parties are disposed of, a grant of partial summary judgment becomes a final judgment. *Id*. (citations omitted); *In re Anderson*, 520 B.R. 89, 90 (B.A.P. 6th Cir. 2014) (bankruptcy court's ruling on the summary judgment motion did not dispose of all the claims before the court, but when remaining parts of the case are dismissed or otherwise resolved, a grant of partial summary judgment becomes a final judgment) (citing *Bonner v. Perry,* 564 F.3d at 427).

With respect to Jinks' motion for reconsideration, when a court "disposes of [a] Rule 59(e) motion, that order itself is not the 'final' judgment, nor is it itself 'an order from which an appeal lies'; instead, the disposition of the Rule 59(e) motions is an order or ruling that reinstates the finality of the original entry of judgment and a ruling that makes the underlying judgment appealable." *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005) (determining timeliness of attorney fee application). The bankruptcy court's order denying Jinks' motion for reconsideration of a non-appealable order is not, itself, a final appealable order. *See Soler v. Yip*, No. 13-22168-CIV, 2014 WL 1669961, at *2 (S.D. Fla. Apr. 28, 2014) ("[W]here, as here, the underlying order is not a final order subject to immediate review, an order denying reconsideration cannot independently meet the criteria required to invoke this Court's appellate jurisdiction.") (distinguishing *In re J & M Salupo Dev. Co.*, 388 B.R. 795 (B.A.P. 6th Cir. 2008) (denial of a motion for reconsideration was a final appealable order where the underlying grant of judgment on the pleadings was final and appealable)).

As noted in *Bonner*, a non-final order may nevertheless be appealable if a Rule 54(b) certificate is issued. Fed. R. Civ. P. 54(b)[4] provides that:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for

---

[4] Fed. R. Civ. P. 54(b) is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7054(a).

delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*In re Merv Prop., L.L.C.*, 539 B.R. 516 (B.A.P. 6th Cir. 2015) is an example of such a case. In *Merv Prop.*, the debtor brought an adversary proceeding against some of the debtors' founders and Forcht Bancorp (the "Bank"). *Id*. at 521. The bankruptcy court granted the Bank's motion for summary judgment and Merv Properties appealed, asserting that the bankruptcy court erred in granting the Bank summary judgment because there were several genuine issues of material fact. *Id*. The Sixth Circuit, citing *Bonner*, acknowledged that a partial grant of summary judgment that does not dispose of all parties and claims is generally not immediately appealable. *Id*. at 522 (citing *Bonner*, 564 F.3d at 427). In *Merv Prop.*, however, the bankruptcy court entered a proper Rule 54(b) certification, "setting forth the reasons for certification, finding no just cause for delay, and holding that the order granting summary judgment [in favor of the Bank] to be final for the purposes of appeal." *Id*. Thus, the Bankruptcy Appellate Panel of the Sixth Circuit in *Merv Prop.* concluded that it had jurisdiction over the appeal. *Id*.

In this case, neither the bankruptcy court's order granting partial summary judgment to Detweiler, nor its order denying Jinks' motion for reconsideration, contains Rule 54(b) language providing that there is no just reason for delay and directing the entry of final judgment as to its rulings on Jinks' claims. In the absence of a Rule 54(b) certification by the bankruptcy court, neither order is a final appealable order. *See id*.; *Miltimore Sales, Inc.*, 412 F.3d at 688.

**2. Jinks' opposition**

While Jinks concedes the absence of any Rule 54(b) language in either of the bankruptcy court's orders, Jinks advances offers two arguments as to why he may nevertheless seek an immediate appeal from the order denying his motion for reconsideration. Both arguments are unavailing.

First, Jinks contends that even though the bankruptcy court did not use Rule 54(b) language in its order granting partial summary judgment, that order is really a final judgment as to Jinks because Jinks was not included in the pre-trial hearing and motions conducted by the bankruptcy court with respect to the claims that survived Detweiler's summary judgment motion. (Opp'n at 189-90.) The plain language of Rule 54(b), however, provides that when multiple parties are involved in a case, an order disposing of fewer than all parties or claims is a final judgment "*only if* the court *expressly determines* that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). Jinks cites no authority to support his argument for an exception to the plain language of Rule 54(b).

Second, Jinks argues that under Fed. R. App. P. 4(a)(4)(A), the time to file an appeal runs from the order disposing of a Rule 59 motion, and applies to appeals from interlocutory orders in the same fashion as appeals from final judgments. (Opp'n at 190.) This argument is beside the point and irrelevant to the issue of whether Jinks appealed to this Court from a final appealable order of the bankruptcy court.

For all of the foregoing reasons, the bankruptcy court's denial of Jinks' motion for reconsideration is not a final appealable order.

6

**B. 28 U.S.C. § 158(a)(3)**

That the order is not a final appealable order does not necessarily, however, end the inquiry because, in appropriate circumstances, the Court may consider a notice of appeal of a bankruptcy court's interlocutory order as a motion for leave to appeal and, if leave is granted, decide the appeal. *In re Amir*, 436 B.R. 1, 8 (B.A.P. 6th Cir. 2010) (citing *Wicheff v. Baumgart (In re Wicheff),* 215 B.R. 839, 843 (B.A.P. 6th Cir. 1998); Fed. R. Bankr. P. 8003(c); 28 U.S.C. §§ 158(a)(3) and (b)). The decision whether to grant leave to appeal an interlocutory order is discretionary, and should be made by examining the standards in 28 U.S.C. § 1292(b) using a four-part test: "(1) The question involved must be one of 'law'; (2) it must be 'controlling'; (3) there must be substantial ground for 'difference of opinion' about it; and (4) an immediate appeal must 'materially advance the ultimate termination of the litigation.'" *Id.* (quoting *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 445 (6th Cir. 1974)); *see also MidFirst Bank v. Johnston*, No. 5:13-MC-49, 2014 WL 694943, at *2 (N.D. Ohio Feb. 21, 2014) (same) (citing *In re Wicheff,* 215 B.R. at 844 (quoting *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993))). "Limited to exceptional cases, leave to file an appeal from a bankruptcy court's interlocutory order should be granted only sparingly." *MidFirst Bank*, 2014 WL 694943, at *2 (citation omitted).

"A question of law, for purposes of § 1292(b), is a pure question of law and not just an issue that is free from factual disputes." *Id*. (citing *In re Brentwood Golf Club, LLC,* 329 B.R. 239, 243 (E.D. Mich. 2005)). "A question of law is controlling when reversal of the order would terminate the action or a determination of the issue on appeal would materially affect the outcome of the litigation." *Id*. at *3 (citing *In re Traversa,* 371 B.R. 1, 5 (D. Conn. 2007)) (further citation omitted). "There are substantial grounds for difference of opinion when, for

example, the issue is a difficult issue of first impression." *Id*. at *4 (citing *Marlin v. United States Tr.,* 333 B.R. 14 (W.D. N.Y. 2005)). Finally, "[a]n interlocutory appeal materially advances termination of litigation when the appeal avoids protracted litigation." *Id*. (citing *United States v. Bond,* No. 09–CV–1824, 2009 WL 3254472 (E.D. N.Y. Oct. 9, 2009)).

There is no reason for the Court to exercise its discretion to allow an interlocutory appeal in this case. None of the requirements of § 1292(b) are met, nor is the bankruptcy court's denial of Jinks' motion for reconsideration of its partial summary judgment order an exceptional case that would justify granting leave to appeal.

### III. CONCLUSION

For all of the foregoing reasons, appellee's motion to dismiss for lack of jurisdiction is granted. This case is dismissed.

**IT IS SO ORDERED**.


Dated: December 22, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**